**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

UNITED STATES OF AMERICA

vs.                                             Case No. 3:11-cr-81-J-34JBT

KESSLER HOLZENDORF
_____/

# **ORDER**

**THIS CAUSE** is before the Court on Defendant Kessler Holzendorf's Motion to Suppress Illegally Obtained Oral Statements, Motion for Evidentiary Hearings and Incorporated Memorandum of Law (Doc. No. 68; Motion to Suppress), filed on October 19, 2011. The government opposes Defendant's Motion to Suppress. See United States's Response in Opposition to Motion to Suppress (Doc. No. 78), filed November 4, 2011. The Motion to Suppress was referred to the Honorable Joel B. Toomey, United States Magistrate Judge, to conduct an evidentiary hearing and recommend an appropriate resolution. Accordingly, Magistrate Judge Toomey held evidentiary hearings on November 18, 2011, see Minute Entry (Doc. No. 85), and on December 9, 2011, see Minute Entry (Doc. No. 93). On January 18, 2012, he entered an Amended Report and Recommendation (Doc. No. 106; Report) recommending that the Motion to Suppress be denied. See Report at 1. Thereafter, Defendant filed objections to the Report, see Kessler Holzendorf's Appeal and Objections to Magistrate Judge's Amended Report and Recommendation (Doc. No. 110; Objections), and the government responded, see United States's Response in Opposition to the Defendant's Appeal and Objections to the Report and Recommendation, Recommending

Denial of the Defendant's Motion to Suppress (Doc. No. 113; Response to the Objections). Accordingly, this matter is ripe for review.

The Court reviews a magistrate judge's report and recommendation in accordance with the requirements of Rule 59, Federal Rules of Criminal Procedure (Rule(s)) and 28 U.S.C. § 636(b)(1). The Court "may accept, reject or modify, in whole or in part, the findings of the recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); see also Rule 59(b)(3). "[I]n determining whether to accept, reject, or modify the magistrate's report and recommendations, the district court has the duty to conduct a careful and complete review." Williams v. Wainwright, 681 F.2d 732, 732 (11th Cir. 1982) (quoting Nettles v. Wainright, 677 F.2d 404, 408 (5th Cir. Unit B 1982)[1]). Additionally, pursuant to Rule 59 and § 636(b)(1), where a party timely objects[2] to the magistrate judge's report and recommendation, "[a] judge of the [district] court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); see also Rule 59(b)(3); Thomas v. Arn, 474 U.S. 140, 149-50 (1985). Nevertheless, while de novo review of a magistrate judge's

---

[1] In Bonner v. City of Prichard, 661 F.2d 1206, 1207 (11th Cir. 1981), the Eleventh Circuit adopted as binding precedent decisions of the former Fifth Circuit (including Unit A panel discussions of that circuit) handed down prior to October 1, 1981. W.R. Huff Asset Mgmt. Co., L.L.C. v. Kohlberg, Kravis, Roberts & Co., L.P., 566 F.3d 979, 985 n.6 (11th Cir. 2009). After October 1, 1981, "only decisions of the continuing Fifth Circuit's Administrative Unit B are binding on this circuit. . . ." Dresdner Bank AG v. M/V Olympia Voyager, 446 F.3d 1377, 1381 n. 1 (11th Cir. 2006). The Court notes that the Fifth Circuit overruled Nettles, in part, on other grounds, in Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1428-29 (5th Cir. 1996)(en banc). However, "that does not change the binding effect of Nettles in this Circuit because Douglass was decided after October 1, 1981 and was not a Unit B decision." United States v. Schultz, 565 F.3d 1353, 1360 n.4 (11th Cir. 2009).

[2] Both 28 U.S.C. 636(b)(1) and Rule 59(b)(2) require a party wishing to object to a magistrate judge's recommendation to serve and file any objections within fourteen (14) days of being served with the magistrate's recommendation. Rule 59 further provides that a "[f]ailure to object in accordance with this rule waives a party's right to review." Rule 59(b)(2).

recommendation is required only where an objection is made[3], the Court always retains the authority to review such a recommendation in the exercise of its discretion. See Rule 59 advisory committee notes (2005) (citing Thomas, 474 U.S. at 154; Mathews v. Weber, 423 U.S. 261, 270-71 (1976)).

In deciding whether to reject or accept the magistrate judge's recommendations, a district judge retains the power "to hear additional testimony or the same testimony all over again if [she decides] that [it] would be beneficial in determining the motion." United States v. Marshall, 609 F.2d 152, 154 (5th Cir. 1980) (alteration added); United States v. Raddatz, 447 U.S. 667, 680 (1980) ("[A district judge's] broad discretion includes hearing the witnesses live to resolve conflicting credibility claims."); see also Amlong & Amlong, P.A. v. Denny's, Inc., 500 F.3d 1230, 1251 (11th Cir. 2007) ("[T]he district court may, if it so chooses, conduct its own hearing as a prelude to making a new determination."). However, if a district court elects to reject a magistrate judge's credibility determinations on critical fact issues, the court must first rehear the disputed testimony. Louis v. Blackburn, 630 F.2d 1105, 1110 (5th Cir. 1980)[4]; United States v. Cofield, 272 F.3d 1303, 1306 (11th Cir. 2001) (per curiam); see also Amlong & Amlong, P.A., 500 F.3d at 1250 ("[A] district court may not override essential, demeanor-intensive fact finding by a magistrate judge without hearing

---

[3] See Rule 59 advisory committee notes (2005) (citing Peretz v. United States, 501 U.S. 923 (1991)).

[4] In Ballard v. Comm'r of Internal Revenue, 429 F.3d 1026 (11th Cir. 2005) (per curiam), the Eleventh Circuit states that "[a] district court must defer to a magistrate's findings unless the magistrate's understanding of facts is entirely unreasonable." Ballard, 429 F.3d at 1031. To the extent Ballard conflicts with Blackburn and Marshall, the Court notes that "where two prior panel decisions conflict" the Court is "bound to follow the oldest one." Cohen v. Office Depot, Inc., 204 F.3d 1069, 1072 (11th Cir. 2000). Regardless, the Court need not resolve this conflict because the undersigned will accept the Magistrate Judge's credibility determinations. As set forth below, the Court can discern no basis in the record to doubt Judge Toomey's findings, much less to suggest that the findings are "entirely unreasonable."

the evidence itself or citing an exceptional justification for discarding the magistrate judge's findings."). Indeed, only in the "rare case" where "'there . . . [is] found in the transcript an articulable basis for rejecting the magistrate's original resolution of credibility and that basis . . . [is] articulated by the district judge'" may the district court reject the credibility findings without rehearing the witness testimony. Cofield, 272 F.3d at 1306 (quoting Marshall, 609 F.2d at 155); Amlong & Amlong, P.A., 500 F.3d at 1250. In contrast, "a district court is not required to rehear witness testimony when accepting a magistrate judge's credibility findings." Cofield, 272 F.3d at 1305 (emphasis added) (citing Raddatz, 447 U.S. 667, 675-76).

In his Report, Magistrate Judge Toomey credits the testimony of the law enforcement officers over that of the Defendant. See Report at 20-25. Defendant objects to this credibility determination and argues that the version of events Defendant testified to at the evidentiary hearings is the correct one, and that the Magistrate Judge erred by crediting the testimony of the officers over that of the Defendant. See Objections at 1-2, 19-23. The government maintains that the Magistrate Judge's credibility determination is correct. See Response to the Objections at 2-5.

The Court has carefully reviewed the transcripts of the hearings before the Magistrate Judge, as well as the arguments presented orally and in writing. Having reviewed this record, the Court is satisfied that the Magistrate Judge's credibility determinations are fully supported by the record. After de novo review of the evidence in this case and the legal conclusions, the undersigned accepts Judge Toomey's findings, and determines that an additional evidentiary hearing would not be beneficial in resolving the instant Motion to

Suppress. Moreover, the Court finds nothing in Defendant's Objections that undermines its confidence in Judge Toomey's credibility determination. Accordingly, the Court finds that Defendant's Objections are due to be overruled. The Report's recommended resolution of the Motion to Suppress is appropriate. Thus, the Court will adopt the Report as the opinion of this Court.[5]

In consideration of the foregoing, it is hereby **ORDERED**:

1. Kessler Holzendorf's Appeal and Objections to Magistrate Judge's Amended Report and Recommendation (Doc. No. 110) is **OVERRULED**.

2. The Magistrate Judge's Report and Recommendation (Doc. No. 106) is **ADOPTED** as the opinion of the Court.

3. Defendant Kessler Holzendorf's Motion to Suppress Illegally Obtained Oral Statements, Motion for Evidentiary Hearings and Incorporated Memorandum of Law (Doc. No. 68) is **DENIED**.

**DONE AND ORDERED** at Jacksonville, Florida, this 6th day of September, 2012

MARCIA MORALES HOWARD
United States District Judge

---

[5] Having reviewed the transcripts, the Court makes minor corrections to a few citations in the Report: on pages 31 and 36 of the Report, there are citations to the transcript of Defendant's testimony on November 18, 2011 (Doc. No. 90; "Holz Tr.") which should be citations to the transcript of the proceedings held on December 9, 2011 ("Suppl. Tr."). See Report at n.3.

lc17

Copies to:

Counsel of Record