# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# JACKSONVILLE DIVISION

**UNITED STATES OF AMERICA**

**VS.**  CASE NO: 3:11-cr-81-J-34JBT

**KESSLER HOLZENDORF**

_____

### ORDER

This matter comes before the Court on a Motion for New Trial (Doc. 245) filed by Defendant, Kessler Holzendorf, and a Response (Doc. 247) filed by the United States of America. After a jury trial, Defendant was convicted of thirty-one counts of wire and mail fraud. He raises nine arguments in support of his motion for a new trial; for the reasons discussed below, the motion will be denied.

### I. Sufficiency of the Evidence

Defendant claims that evidence was insufficient to support his conviction. To resolve this claim, the Court views the evidence in the light most favorable to the Government, with all reasonable inferences and credibility choices made in the Government's favor. *United States v. Kelly*, 888 F.2d 732, 740 (11th Cir. 1989). For the evidence to support a conviction, it need not "exclude every reasonable hypothesis of innocence or be wholly inconsistent with every conclusion except that of guilt, provided a reasonable trier of fact could find that the evidence establishes guilt beyond a reasonable doubt." *United States v. Perez-Tosta*, 36 F.3d 1552, 1556-57 (11th Cir. 1994) (citations omitted).

#### A. *Sales Price of the Homes*

Defendant argues that the alleged fraud was immaterial because the sale price of the real estate at issue was not inflated. This argument is premised largely on the state of the real estate

market in 2007, when wildly inflated home values were common. There was sufficient evidence, however, to suggest that the price was inflated through fraudulent charges for "home improvements" which were never made. Further, several witnesses testified that this information was material to the decision to loan money. Thus, the jury could have reasonably concluded that the home values were fraudulently inflated.

*B. Materially False Statements*

Testimony from a variety of witnesses established that Defendant—along with his co-conspirators—made several fraudulent statements in connection with the loans; Defendant argues that they were not materially false. Each of these arguments is without merit, but will be addressed briefly below.

Addendums attached to the purchase and sale agreements each stated that a certain amount of money would be paid to Defendant for services which were never rendered. Several witnesses testified that loans would not have been extended had lenders known the money was being 'kicked-back' to the buyers. This was sufficient evidence for the jury to conclude that the statements in the addendums were materially false. Defendant's assertion that "the originating mortgage lenders knew the funds [Defendant] received from the seller were unrestricted and likely to go to the buyer" is unsupported by any evidence—as is his claim that the lenders knew "anything could happen with the money." There was also sufficient evidence for the jury to conclude that there were similar false statements made in the HUD-1 forms—including the occupancy, and income of the buyers.

Defendant also argues that the verdict is deficient because "it cannot be said the jury unanimously agreed to guilt for the same material false statement." Defendant cites no authority for this proposition. On the contrary, for mail and wire fraud the Government must prove, *inter*

*alia*, that (1) the Defendant knowingly devised or participated in a scheme to defraud, or to obtain money or property by using false pretenses, representations, or promises; and (2) the false pretenses, representations, or promises were about a material fact. The Government need not prove all the details about the precise nature and purpose of the scheme.

### C. Evidence of Wire Fraud

For Defendant to be found guilty of wire fraud, the Government must prove that he "used" interstate wire communications. The jury instructions in this case define "use of interstate wire communications" as follows: "to do an act knowing that the communication would be sent electronically by wire in the normal course of business, or where such use can reasonably be foreseen." Defendant spent significant time in trial attempting to elicit evidence that Morrison Homes, one of the home builders involved in this case, operated largely out of Florida. He now argues that because Morrison Homes had branch offices in Florida, there was insufficient evidence to find that he "used" interstate wires. Setting aside the various nationwide lenders victimized by this scheme, evidence established that Morrison Homes is a nationwide homebuilder incorporated in Delaware. As such, it was foreseeable that any communication with Morrison Homes, or any of the lenders in this case, could be sent using interstate wire communications.

### II. Evidentiary Rulings

Defendant argues that the Court improperly permitted lay opinion testimony by title officer and mortgage lender witnesses who stated that they would not have authorized the loans if they knew about the 'kick-backs.' This argument is without merit. The testimony was rationally based on the witness's perception, helpful to determine a fact in issue, and not based

on specialized knowledge. Defendant's argument about 'other bad acts evidence' is also without merit.

### III. Jury Instructions

Finally, Defendant argues that the Court erred in excluding several of his proposed jury instructions; (1) "good faith as a complete defense"; (2) "materiality defense"; (3) "acts and knowledge imputed to a corporation"; and (4) "theory of defense." The first two proposed instructions are irrelevant as the model instructions provided to the jury in this case sufficiently explained both the applicability of "good faith" and "materiality." The third proposed instruction was based on Defendant's unsupported argument that the lenders "knew the true state of affairs" and is without merit. Lastly, Defendant presents no coherent argument with respect to his "theory of defense" instruction other than to claim that he was "severely prejudiced."

### IV. Conclusion

It is therefore, **ORDERED** that Defendant's Motion for New Trial (Doc. 245) is **DENIED**.

**DONE** and **ORDERED** in Orlando, Florida on November 20, 2012.

_____
GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record